IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEMETRIUS A. WRIGHT,

    Plaintiff,

 v.

A. HEDGPETH, et al.,

    Defendants.

No. C 09-04358 CW (PR)

ORDER OF SERVICE

    Plaintiff Demetrius A. Wright, a state prisoner incarcerated at Salinas Valley State Prison (SVSP), has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983.  Thereafter, Plaintiff filed an amended complaint.  Plaintiff's motion for leave to proceed in forma pauperis has been granted.

    Venue is proper because the events giving rise to the claim are alleged to have occurred at SVSP, which is located in this judicial district.  See 28 U.S.C. § 1391(b).

    In his amended complaint, Plaintiff names the following SVSP officials as Defendants: Warden A. Hedgpeth;[1] Deputy Warden G. Lewis; Associate Warden B. Hedrick; Correctional Administrator M. Moore, III; Community Resource Manager J. Bonnifield; Facility Captains R. Binkele and D. Galloway; Correctional Sergeants E. Best and A. Londou; Correctional Officer K. Newby; and Chaplain Young as well as Chaplain John Doe.  He also names the following from the California Department of Corrections and Rehabilitation (CDCR) as Defendants: Chief of the Inmate Appeals Branch N. Grannis and

---

[1] Plaintiff mis-spelled Defendant Hedgpeth's name as "Hedgepath."  The Clerk of the Court is directed to correct the spelling of his name in the record.

Appeals Examiner K. Kostecy.  Plaintiff seeks injunctive relief and monetary damages.

## DISCUSSION

I.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1), (2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  Moreover, pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

II.  Legal Claims

   A.   Free Exercise of Religion Claims

The First Amendment right to the free exercise of religion is violated where a defendant burdens the practice of a prisoner's religion by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests.  See Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997).  To reach the level of a constitutional violation,

2

"the interference with one's practice of religion 'must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine.'" Id. at 737 (quoting Graham v. C.I.R., 822 F.2d 844, 851 (9th Cir. 1987)).  A prisoner may be inconvenienced in the practice of his or her faith so long as the governmental conduct does not prohibit the prisoner from "participating in the mandates of his religion." See id.  The mandates of a religion are not merely what is minimally required of adherents of a religion but include that which "the individual human being perceives to be the requirement of the transhuman Spirit to whom he or she gives allegiance." Peterson v. Minidoka County School Dist., 118 F.3d 1351, 1357 (9th Cir. 1997).  A prison regulation that impinges on an inmate's First Amendment rights is valid if it is reasonably related to legitimate penological interests.  See O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987).

Plaintiff, who is a practicing Muslim, alleges that Defendants failed to offer him a "Halal" diet, which is "the Islamic equal to 'Kosher'."  (Am. Compl. at 3.)  He also alleges that "on multiple occasions Islamic services, both [their] educational services (Ta'leem) and mandatory Friday congregational prayer services (Jumu'ah) were cancelled."  (Id. at 3e.)[2]  Plaintiff alleges that Defendants also denied him "access to all Muslim services for the entire month of November, 2009."  (Id. at 3k.)  Plaintiff alleges that on July 16, 2009, Defendant Newby "took [his] Qu'ran, which

---

[2] Attached to Plaintiff's amended complaint are multiple handwritten pages; however, they are not numbered.  The Court will number the page listing the Defendants in this action as page 2b, and the pages summarizing Plaintiff's version of the facts as pages 3a through 3m.

3

was in a state issue[d] laundry bag . . . [with] countless small holes," and placed it "on the ground in a pile of dirt and debris . . . ." (Id. at 3l.)  On the same date, Defendant Newby, who is a female officer, searched Plaintiff, and he alleges that the CDCR's policy of "subjecting Muslim inmates to the searches of female officers" violated his Muslim faith because "[u]nder the laws of Islam, opposite sexes are to have absolutely no physical contact . . . ." (Id. at 3l-3m.)

    The Court finds that Plaintiff's allegations -- relating to the denial of "Halal" diet, the cancelling of Ta'leem and Jumu'ah services "on multiple occasions," as well as the denial of access to all Muslim services in November, 2009 -- state a cognizable claim for the violation of his First Amendment rights.  See Mayweathers v. Newland, 258 F.3d 930, 937-38 (9th Cir. 2001) (finding policy of disciplining inmates for missing work assignment to attend Jumu'ah (Sabbath) services interfered with conduct mandated by Muslim faith and was not reasonably related to legitimate penological interests).

    Plaintiff does not allege that Officer Newby's conduct on July 16, 2009 was motivated by religious hatred or disrespect; therefore, he states only a claim for damage to property, which is a state law claim that is not cognizable under Section 1983.  See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property).  Plaintiff fails to state a cognizable claim

4

for relief against Defendant Newby stemming from the incident involving his Qur'an.

Finally, Plaintiff's allegation that the search by Defendant Newby on July 16, 2009 violated his Muslim faith does not amount to a constitutional violation. The casual and occasional viewing by a correctional officer of the opposite sex has previously been determined not to violate a prisoner's constitutional rights. Although incarcerated prisoners retain a limited right to bodily privacy, the Ninth Circuit has held that occasional viewing of unclothed male prisoners by female correctional officers does not violate the Fourth or Fourteenth Amendment rights of the inmates. See Michenfelder v. Sumner, 860 F.2d 328, 334 (9th Cir. 1988); Grummett v. Rushen, 779 F.2d 491, 494-95 (9th Cir. 1985). Assigned positions of female guards that require only infrequent and casual observation of male prisoners and that are reasonably related to prison needs are not so degrading as to warrant court interference. See Michenfelder, 860 F.2d at 334; see, e.g., Somers v. Thurman, 109 F.3d 614, 620 (9th Cir. 1997) (defendants entitled to qualified immunity because, as of the time of the 1993 searches, male inmates did not have a clearly established Fourth Amendment privacy interest in avoiding visual body cavity searches by female officials); id. at 622 ("it is highly questionable even today [in 1997] whether prison inmates have a Fourth Amendment right to be free from routine unclothed searches by officials of the opposite sex, or from viewing of their unclothed bodies by officials of the opposite sex."). Here, Plaintiff's allegations do not amount to a constitutional violation because the same legitimate penological purposes that require rejection of a similar invasion-of-bodily-

5

1  privacy claim protect Defendants from a First Amendment claim.
2  See Canedy v. Boardman, 91 F.3d 30, 33-34 (7th Cir. 1996)
3  (defendants entitled to qualified immunity against Muslim inmate's
4  claim that female prison guards' participation in strip searches
5  and daily observation of male inmate violated his right to privacy
6  and First Amendment freedom of religion); cf. Johnson v. Phelan, 69
7  F.3d 144, 147 (7th Cir. 1996) ("There are too many permutations to
8  place guards and prisoners into multiple classes by sex, sexual
9  orientation, and perhaps other criteria, allowing each group to be
10 observed only by the corresponding groups that occasion the least
11 unhappiness").  Accordingly, Plaintiff fails to state a cognizable
12 claim for relief against Defendants Newby, Galloway, Binkele,
13 Lewis, Kostecy and Grannis, stemming from the incident involving
14 the search by Defendant Newby on July 16, 2009.
15     B.   Claim Against Doe Defendant
16     Plaintiff identifies Chaplain John Doe, whose name he intends
17 to learn through discovery.  The use of Doe Defendants is not
18 favored in the Ninth Circuit.  See Gillespie v. Civiletti, 629 F.2d
19 637, 642 (9th Cir. 1980).  However, where the identity of alleged
20 defendants cannot be known prior to the filing of a complaint the
21 plaintiff should be given an opportunity through discovery to
22 identify them.  Id.  Failure to afford the plaintiff such an
23 opportunity is error.  See Wakefield v. Thompson, 177 F.3d 1160,
24 1163 (9th Cir. 1999).  Accordingly, the claims against Defendant
25 John Doe are DISMISSED from this action without prejudice.  Should
26 Plaintiff learn Defendant John Doe's identity through discovery, he
27 may move to file an amendment to the complaint to add Defendant
28 John Doe as a named defendant.  See Brass v. County of Los Angeles,

1  328 F.3d 1192, 1195-98 (9th Cir. 2003).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  Plaintiff fails to state a cognizable claim for relief against Defendant Newby, stemming from the incident involving his Qur'an.

2.  Plaintiff fails to state a cognizable claim for relief against Defendants Newby, Galloway, Binkele, Lewis, Kostecy and Grannis, stemming from the incident involving the search by Defendant Newby on July 16, 2009.

3.  Plaintiff's claims against the Chaplain John Doe are DISMISSED WITHOUT PREJUDICE.

4.  Plaintiff's remaining allegations -- relating to the denial of "Halal" diet, the cancelling of Ta'leem and Jumu'ah services "on multiple occasions," as well as the denial of access to all Muslim services in November, 2009 -- state a cognizable claim for the violation of his First Amendment rights against the remaining Defendants.

5.  The Clerk shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto (docket no. 4) and a copy of this Order to the following SVSP officials: <u>Warden A. Hedgpeth; Associate Warden B. Hedrick; Correctional Administrator M. Moore, III; Community Resource Manager J. Bonnifield; Correctional Sergeants E. Best and A. Londou; and Chaplain Young</u>. The Clerk shall also mail a copy of the amended complaint and a copy of this Order to the State Attorney General's Office in San Francisco. The Clerk shall mail a

copy of this Order to Plaintiff.

6. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendants to cooperate in saving unnecessary costs of service of the summons and amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, Defendants will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before sixty (60) days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

7. Defendants shall answer the amended complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

    a. No later than ninety (90) days from the date

Defendants' answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than <u>sixty (60) days</u> after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

<u>See</u> <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en

banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his amended complaint.

    c. If Defendants wish to file a reply brief, Defendants shall do so no later than <u>thirty (30) days</u> after the date Plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

9. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

10. It is Plaintiff's responsibility to prosecute this case.

Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

11.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

12.  Plaintiff mis-spelled Defendant SVSP Warden Anthony Hedgpeth's name as "Hedgepath" in his amended complaint.  The Clerk is directed to correct the spelling of Defendant Hedgpeth's name in the record.

IT IS SO ORDERED.

DATED: 5/10/10



CLAUDIA WILKEN
United States District Judge

11

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DEMETRIUS A. WRIGHT,

        Plaintiff,

  v.

A. HEDGEPATH et al,

        Defendant.

Case Number: CV09-04358 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 10, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Demetrius Ahmed Wright T65802
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

(additional documents served to the parties listed below:  Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, and a copy of the Amended Complaint and all attachments)

Warden A. Hedgpeth
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Associate Warden B. Hedrick
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Correctional Administrator M. Moore, III
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Community Resource Manager J. Bonnifield
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

12

**United States District Court**
For the Northern District of California

1  Correctional Sergeant E. Best
   Salinas Valley State Prison
2  P.O. Box 1050
   Soledad, CA 93960
3
   Correctional Sergeant A. Londou
4  Salinas Valley State Prison
   P.O. Box 1050
5  Soledad, CA 93960

6  Chaplin Young
   Salinas Valley State Prison
7  P.O. Box 1050
   Soledad, CA 93960
8
   (additional documents served to the parties listed below:  Amended Complaint)
9
   State Attorney General's Office in San Francisco
10 450 Golden Gate Ave.
   San Francisco, CA 94120
11

12

13 Dated: May 10, 2010
                                            Richard W. Wieking, Clerk
14                                          By: Nikki Riley, Deputy Clerk

15

16

17

18

19

20

21

22

23

24

25

26

27

28