IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

United States District Court
For the Northern District of California

| | |
|---|---|
| DEMETRIUS A. WRIGHT,<br><br>       Plaintiff,<br><br>  v.<br><br>A. HEDGPETH, et al.,<br><br>       Defendants.<br>_____/ | No. C 09-04358 CW (PR)<br><br>ORDER DIRECTING CLERK TO FILE AND SERVE SECOND AMENDED COMPLAINT, DENYING DISCOVERY MOTIONS WITHOUT PREJUDICE, DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE |

Plaintiff Demetrius A. Wright, a state prisoner incarcerated at Salinas Valley State Prison (SVSP), filed the above-titled pro se civil rights action pursuant to 42 U.S.C. § 1983 claiming the violation of his First Amendment rights.  Defendants have filed a motion for summary judgment with respect to the claims raised in Plaintiff's first amended complaint (FAC).

Now pending before the Court are Plaintiff's motions (1) to file a second amended complaint (SAC), (2) to quash Defendants' subpoena seeking access to Plaintiff's central file, (3) to compel discovery, and (4) for an extension of time to oppose Defendants' motion for summary judgment.

A.   Second Amended Complaint

Plaintiff asks for leave to file a SAC on the following grounds:

(1) Plaintiff has discovered the identity of the John Doe Defendant named in count 1 of the FAC.  The Court had dismissed this claim without prejudice to Plaintiff's moving to amend the FAC should he discover the Doe Defendant's identity.  Plaintiff identifies the Defendant in claim 1 as "Jewish Chaplain Friedman."

United States District Court
For the Northern District of California

(2) Plaintiff realleges his claims against Defendants G.D. Lewis and N. Grannis, whom Plaintiff previously named in claim 1 of the FAC.  Plaintiff states that, although the Court found the claim cognizable, it dismissed the claim against Defendants Lewis and Grannis and failed to order the FAC served on them.

(3) Plaintiff clarifies that Defendant A. Landou, whom the Court identified in the Order of Service as a Correctional Sergeant, is an Islamic Chaplain.

(4) Plaintiff realleges his claim against Defendants D. Galloway, R. Mantel and D. Binkele, against whom the Court previously dismissed Plaintiff's claim 3 in the FAC.  Plaintiff states that these Defendants were not named in claim 3 but, instead, were named in claim 2, which the Court found cognizable.

(5) The Court previously found not cognizable Plaintiff's claim 3, alleging that his constitutional rights had been violated by the mishandling of his Qu'ran and the search of his person by Defendant Newby.  Plaintiff now seeks to amend claim 3 by alleging that the actions complained of were part of a pattern of conduct. Plaintiff states this claim can be added to the SAC because he exhausted his administrative remedies with respect thereto since filing the FAC.

The Court GRANTS Plaintiff leave to file a SAC that includes the allegations set forth at paragraphs 1 through 4 above.  The Court allows Plaintiff to reallege claim 1 against Defendants Lewis and Grannis, to reallege claim 2 against Defendants Galloway, Mantel and Binkele and orders the SAC served on all unserved Defendants.

United States District Court
For the Northern District of California

1    Leave to amend to reallege claim 3, as discussed at paragraph

2    5 above, is DENIED.  Plaintiff cannot now add to this action claims

3    that were not exhausted when the action was filed originally.  See

4    McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

5    B.    Discovery and Briefing Matters

6         Plaintiff filed a motion to quash a subpoena issued by

7    Defendants to view the entirety of Plaintiff's central prison file,

8    and for a protective order to prevent the production of any

9    information in his central file not relevant to the instant action.

10   More recently, Plaintiff filed a motion to compel discovery

11   responses from Defendants.  Defendants have not responded to either

12   of Plaintiff's motions.

13        Plaintiff also has filed a motion for an extension of time to

14   oppose Defendants' motion for summary judgment.

15        In view of the Court's decision that five Defendants not

16   previously served must be served with the SAC and respond to the

17   same claims that are addressed in Defendants' pending motion for

18   summary judgment, the Court finds it premature to address

19   Plaintiff's discovery-related motions or to order further briefing

20   on Defendants' motion for summary judgment.

21        Accordingly, Plaintiff's discovery motions and Defendants'

22   motion for summary judgment are hereby DENIED without prejudice,

23   and Plaintiff's request for an extension of time to oppose the

24   motion for summary judgment is DENIED as moot.  The parties may

25   file renewed motions once all Defendants have been served and the

26   parties have had the opportunity to engage in further discovery.

27   //

28   //

3

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   Plaintiff's motion for leave to file a SAC is GRANTED. The Clerk of the Court shall file the proposed SAC that was docketed as "received" on May 17, 2010 (docket no. 11).

2.   Plaintiff's motions to quash and to compel discovery are DENIED without prejudice.

3.   Plaintiff's motion for an extension of time to oppose Defendants' motion for summary judgment is DENIED as moot.

4.   Defendants' motion for summary judgment is DENIED without prejudice.

5.   The portion of the Court's Order of Service dismissing claims against Defendants D. Galloway, R. Mantel, D. Binkele, G.D. Lewis and N. Grannis is VACATED.

6.   The Clerk shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the SAC and all attachments thereto (docket no. 11) and a copy of this Order to the following (1) SVSP officials: Deputy Warden G.D. Lewis, Correctional Sergeant D. Galloway, Facility Captain R. Mantel, Facility Captain R. Binkele, and (2) N. Grannis, Chief of the Inmate Appeals Branch for the California Department of Corrections and Rehabilitation in Sacramento.

The Clerk shall also serve a copy of the SAC on Defendants' counsel Jesse Manuel Rivera at the address on the Court's docket.

7.   Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendants to cooperate in saving unnecessary costs of service of the summons and amended complaint.

4

United States District Court
For the Northern District of California

Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, Defendants will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before sixty (60) days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

8. Defendants shall answer the SAC in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than ninety (90) days from the date Defendants' answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary

**United States District Court**
For the Northern District of California

1  judgment, Defendants shall so inform the Court prior to the date

2  the summary judgment motion is due.  All papers filed with the

3  Court shall be promptly served on Plaintiff.

4        b.  Plaintiff's opposition to the dispositive motion

5  shall be filed with the Court and served on Defendants no later

6  than <u>sixty (60) days</u> after the date on which Defendants' motion is

7  filed.  The Ninth Circuit has held that the following notice should

8  be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

23  <u>See</u> <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en

24  banc).

25      Plaintiff is advised to read Rule 56 of the Federal Rules of

26  Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986)

27  (party opposing summary judgment must come forward with evidence

28  showing triable issues of material fact on every essential element

of his claim).  Plaintiff is cautioned that because he bears the
burden of proving his allegations in this case, he must be prepared
to produce <u>evidence</u> in support of those allegations when he files
his opposition to Defendants' dispositive motion.  Such evidence
may include sworn declarations from himself and other witnesses to
the incident, and copies of documents authenticated by sworn
declaration.  Plaintiff will not be able to avoid summary judgment
simply by repeating the allegations of his amended complaint.

   c.  If Defendants wish to file a reply brief, Defendants
shall do so no later than <u>thirty (30) days</u> after the date
Plaintiff's opposition is filed.

   d.  The motion shall be deemed submitted as of the date
the reply brief is due.  No hearing will be held on the motion
unless the Court so orders at a later date.

  9.  Discovery may be taken in this action in accordance with
the Federal Rules of Civil Procedure.  Leave of the Court pursuant
to Rule 30(a)(2) is hereby granted to Defendants to depose
Plaintiff and any other necessary witnesses confined in prison.

  10.  All communications by Plaintiff with the Court must be
served on Defendants, or Defendants' counsel once counsel has been
designated, by mailing a true copy of the document to Defendants or
Defendants' counsel.

  11.  It is Plaintiff's responsibility to prosecute this case.
Plaintiff must keep the Court informed of any change of address and
must comply with the Court's orders in a timely fashion.

  12.  Extensions of time are not favored, though reasonable
extensions will be granted.  Any motion for an extension of time
must be filed no later than <u>fifteen (15) days</u> prior to the deadline

**United States District Court**
For the Northern District of California

7

sought to be extended.

This Order terminates Docket nos. 21, 27, 28, 30 and 31.

IT IS SO ORDERED.

DATED: 8/11/2011

_CLAUDIA WILKEN_
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DEMETRIUS A. WRIGHT,

          Plaintiff,

   v.

A. HEDGEPATH et al,

          Defendant.
_____/

Case Number: CV09-04358 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 11, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Demetrius Ahmed Wright T65802
Salinas Valley State Prison
P.O. Box 1050
Soledad,  CA 93960

Dated: August 11, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

United States District Court
For the Northern District of California