IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS A. WRIGHT,<br><br>    Plaintiff,<br><br>  v.<br><br>A. HEDGEPETH, et al.,<br><br>    Defendants.<br>_____/ | No. C 09-4358 CW (PR)<br><br>ORDER PROVIDING <u>RAND</u> SUMMARY JUDGMENT NOTICE AND SETTING NEW BRIEFING SCHEDULE |

    Plaintiff Demetrius A. Wright, a state prisoner incarcerated at Salinas Valley State Prison (SVSP), filed the above-titled <u>pro se</u> civil rights action pursuant to 42 U.S.C. § 1983 claiming the violation of his First Amendment rights. Defendants have filed a motion for summary judgment.

    In its Order of Service, the Court, in accordance with the holding of <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998), explained to Plaintiff what he must do in order to oppose a motion for summary judgment. A recent decision from the Ninth Circuit, however, requires that <u>pro se</u> prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions <u>at the time of filing of the motions</u>, rather than when the court orders service of process or otherwise before the motions are filed. <u>Woods v. Carey</u>, No. 09-15548, slip op. 7871, 7874 (9th Cir. July 6, 2012). Accordingly, the Court now provides the following notice to Plaintiff for his information in connection with Defendants' pending motion to dismiss and for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

Plaintiff's opposition to Defendants' motion for summary judgment was due July 6, 2012. In order to allow Plaintiff time to prepare his opposition to the pending motion for summary judgment taking into account this Rand summary judgment notice, the Court now sets the following new briefing schedule on Defendants' motion for summary judgment: Plaintiff must file and serve his opposition to the motion, or a supplemental opposition if he already has mailed an opposition to Defendants and the Court, no later than **August 10, 2012**. Defendants shall file and serve their reply no later than **August 24, 2012**.

IT IS SO ORDERED.

Dated: July 11, 2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

2